**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

YOUDH K. GYANI, a/k/a Harry
Stevens,

*Defendant-Appellant.*

No. 01-4241

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-96-196-MJG)

Submitted: March 20, 2002

Decided: April 11, 2002

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Atiq R. Ahmed, ATIQ R. AHMED, P.A., Silver Spring, Maryland,
for Appellant. Thomas M. DiBiagio, United States Attorney, Joyce K.
McDonald, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Youdh K. Gyani appeals the eighteen-month prison sentence the district court imposed after revoking his supervised release. Gyani asserts that the sentence was plainly unreasonable because it exceeded the three-to-nine-month sentence suggested under *U.S. Sentencing Guidelines Manual* § 7B1.4, p.s. (2000), and that the district court failed to consider the factors in 18 U.S.C.A. § 3553(a) (West 2000) before imposing sentence. We affirm.

We have thoroughly reviewed the record on appeal, including the nature and extent of Gyani's supervised release violations, the probation officer's petition for violation of supervised release that notified the district court of the revocation range recommended in Chapter 7 of the sentencing guidelines, the excerpts from the transcript of the revocation hearing, and the transcript of the sentencing hearing. We conclude that the district court did not abuse its discretion in sentencing Gyani to an eighteen-month term of imprisonment. *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995) (providing standard of review). We also find that the district court properly considered the factors set forth in § 3553(a). *See id.* ("A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.").

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*